UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                                           CASE NO. 8:06-CR-345-T-17TGW

CARLOS NARANJO.

_____/

ORDER

This cause is before the Court on:

Dkt. 183    Motion for Reconsideration 18 U.S.C. Sec. 3742(e)
            Post Sentencing Rehabilitation Programming

Defendant Carlos Naranjo, pro se, moves for reconsideration of Defendant's sentence, pursuant to 18 U.S.C. Sec, 3742(e) and Pepper v. U.S., 131 S.Ct. 1229 (2011).

Defendant Naranjo entered into a plea agreement (Dkt. 31); the plea agreement includes an appeal of sentence waiver (Dkt. 32, p. 12). Defendant Naranjo was sentenced on March 2, 2007 (Dkts. 74, 77). After sentencing, Defendant Naranjo filed a Sec. 2255 motion to vacate, set aside or correct an allegedly illegal sentence (Dkt. 166), which the Court denied (Dkt. 169). Defendant Naranjo filed a motion for retroactive application of Sentencing Guidelines pursuant to Amendment 782, pursuant to 18 U.S.C. Sec. 3582 (Dkt. 170). The Federal Public Defender's Office was appointed for Defendant Naranjo's Amendment 782 proceedings (Dkt. 171); on February 10, 2015, Probation filed its Amendment 782 Memorandum, noting that Defendant Naranjo was ineligible for a sentence reduction because the drug quantity table remains at level 38 (Dkt. 172). The Court notified Defendant Naranjo as to the time limit for Defendant Naranjo to file a further pro se Amendment 782 motion (Dkt. 175). After the Government filed its response (Dkt. 179), the Court denied Defendant Naranjo's Amendment 782 motion, finding that Defendant Naranjo was not eligible for a

Case No. 8:06-CR-345-T-17TGW

reduction in sentence based on the amended guidelines and that Defendant Naranjo was not eligible for a reduction in sentence because Defendant's guideline range was not lowered (Dkt. 180).

The Court notes that in Pepper v. U.S., 131 S.Ct. 1229 (2011), the United States Supreme Court concluded that, "when a defendant's sentence has been set aside on appeal and his case is remanded for resentencing," the court may consider evidence of post-sentencing rehabilitation. Pepper, 131 S.Ct. At 1241. In this case, Defendant Naranjo did not appeal his sentence, Defendant Naranjo's sentence has not been set aside on appeal, and Defendant Naranjo's case was not remanded for a de novo resentencing.

Defendant Naranjo's sentence is a final judgment that was entered on March 2, 2007, and remains in effect without amendment. After consideration, the Court finds that the Court does not have jurisdiction to reduce Defendant Naranjo's sentence, and therefore denies Defendant Naranjo's Motion for Reconsideration. Accordingly, it is

**ORDERED** that Defendant Carlos Naranjo's Motion for Reconsideration 18 U.S.C. Sec. 3742(e) Post Sentencing Rehabilitation Programming (Dkt. 183) is **denied**. The Clerk of Court shall provide a copy of this Order to pro se Defendant Carlos Naranjo.

Case No. 8:06-CR-345-T-17TGW

      **DONE and ORDERED** in Chambers in Tampa, Florida on this 29th day of November, 2016.

                                    ELIZABETH A. KOVACHEVICH
                                    United States District Judge

Copies to:
All parties and counsel of record

Carlos Naranjo
Reg. #48916-018
Federal Correctional Institution
P. O. Box 2000
Folkston, GA   31537