UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.   CASE NO. 8:06-CR-345-T-17TGW

CARLOS NARANJO.

_____/

ORDER

This cause is before the Court on:

Dkt. 185   Motion to Dismiss Indictment
Dkt. 186   Motion for Status of Motion

Defendant Carlos Naranjo, pro se, moves to dismiss the Indictment pursuant to United States v. Bellaizac-Hurtado, 700 F.3d 1245 (11th Cir. 2012)(Maritime Drug Law Enforcement Act exceeded Congress's authority and was unconstitutional). The Eleventh Circuit found that Congress lacked the constitutional authority to punish drug trafficking in the territorial waters of another nation (Panama), but reaffirmed that Congress possessed the constitutional authority punish drug trafficking that occurs in international waters. Id. at 1257.

I. Backgrand

After entering into a Plea Agreement (Dkt. 32), Defendant Naranjo was sentenced on March 2, 2007 (Dkts. 74, 77). Defendant Naranjo entered a plea of guilty to Count One of the Indictment, violation of 46 App. U.S.C. Secs. 1903(a) and 1903(g); 21 U.S.C. Sec. 9760(b)(1)(B)(ii), and 18 U.S.C. Sec. 2. At sentencing, Count Two was dismissed upon the Government's Motion. Defendant Naranjo's Plea Agreement includes an appeal waiver (Dkt. 32, p. 12).

Case No. 8:06-CR-345-T-17TGW

After sentencing, Defendant Naranjo pursued a Sec. 2255 Petition. The Court denied Defendant Naranjo's Sec. 2255 Petition. (Dkt. 169). Defendant Naranjo also pursued an Amendment 782 Motion for Retroactive Application of Sentencing Guidelines. (Dkt. 170). Defendant Naranjo's Amendment 782 Motion was denied. (Dkt. 180). Defendant Naranjo moved for reconsideration (Dkt. 183), which the Court denied (Dkt. 184).

II. Discussion

Defendant Naranjo asserts that the United States Coast Guard arrested Defendant Naranjo on August 5, 2006 600 miles west of the Galapagos Islands, but left Defendant Naranjo in Panama on September 1, 2006. Defendant Naranjo asserts that the Panamanian Marine booked Defendant Naranjo, and then sent him to the United States where Defendant Naranjo was booked again. Defendant Naranjo argues that the United States Coast Guard lost jurisdiction over Defendant when Defendant Naranjo was left in the custody of Panamanian law enforcement officials, who interrogated and booked Defendant Naranjo. Defendant Naranjo further relies on the opinion of the Eleventh Circuit Court of Appeals in United States v. Bellaizac-Hurtado, 700 F.3d 1245 (11th Cir. 2012).

Defendant Naranjo's Motion to Dismiss the Indictment is not timely. Pursuant to Fed. R. Crim. P. 12(b)(3)(B), a motion alleging a defect in the Indictment must be raised before trial. A motion that the Court lacks jurisdiction may be raised at any time that the case is pending. See Fed. R. Crim. P. 12(b)(2).

Defendant Naranjo has moved to dismiss the Indictment roughly ten years after Defendant Naranjo was sentenced. A case is not "pending" within the meaning of Rule 12 where the defendant has pled guilty, has been sentenced, and the period to appeal

2

Case No. 8:06-CR-345-T-17TGW

the conviction has long since passed. See United States v. Clarke, 150 Fed. Appx. 969, 970 (11th Cir. 2005)(unpublished); United States v. Wellons, 289 Fed. Appx. 383, 384 (11th Cir. 2008)(unpublished).

The Court further notes that the United States generally recognizes the territorial seas of foreign nations up to twelve nautical miles adjacent to recognized foreign coasts. See United States v. McPhee, 336 F.3d 1269, 1273 (11th Cir. 2003). The factual statement in Defendant Naranjo's Plea Agreement states:

> "On the evening of August 4, 200[5], the USS Stephen W. Groves ("SWG") was deployed in the Eastern Pacific Ocean. By means of radar, the SWG detected what appeared to be a small vessel that was dead in the water at 0 degrees, 16 minutes North and 100 degrees, 18 minutes West, which is approximately 600 miles due west of the Galapagos Islands."

The factual statement also states that vessel had no outward markings indicating nationality, and 'Defendant Naranjo stated that he was master of the vessel, and it had no nationality, documentation or registration." (Dkt. 32, pp. 14-15). In McPhee, the Eleventh Circuit concluded that "international law permits any nation to subject stateless vessels on the high seas to its jurisdiction.". Id., at 1273.

After consideration, the Court denies the Motion to Dismiss Indictment with prejudice because it is untimely. Accordingly, it is

**ORDERED** that pro se Defendant Carlos Naranjo's Motion to Dismiss Indictment (Dkt. 185) is **denied** with prejudice, and the Motion for Status (Dkt. 186) is **denied** as moot. The Clerk of Court **shall provide** a copy of this Order to pro se Defendant Carlos Naranjo by U.S. Mail

Case No. 8:06-CR-345-T-17TGW

**DONE and ORDERED** in Chambers in Tampa, Florida on this 8th day of November, 2017.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

Carlos Naranjo
#48916-018
D. Ray James C. F.
P.O. Box 2000
Folkston, GA   31537